# FORM 1.   VOLUNTARY PETITION

| **United States Bankruptcy Court** | **VOLUNTARY PETITION** |
|---|---|

Eastern **District** of Pennsylvania

| NAME OF DEBTOR - (If individual, enter Last, First, Middle) | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle) |
|---|---|
| Rodgers, Barbara L. | |
| ALL OTHER NAMES used by the debtor in the last 6 years (Include married, birth, and trade names) | ALL OTHER NAMES used by the joint debtor in the last 6 years (Include married, birth, and trade names) |
| none | |
| SOC SEC/TAX I.D. NO (If more than one, state all) | SOC SEC/TAX I.D. NO (If more than one, state all) |
| 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 | |
| STREET ADDRESS OF DEBTOR (No. and street, city, state and zip code) | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state and zip code) |
| 20 Noble Street | |
| Sellersville, PA 18960 | |

| COUNTY of residence or principal place of business | PHONE NUMBER | COUNTY of residence or principal place of business | PHONE NUMBER |
|---|---|---|---|
| Bucks | (215) 257-2524 | Bucks | |

| MAILING ADDRESS OF DEBTOR (If different from Street Address) | MAILING ADDRESS OF JOINT DEBTOR (If different from Street Address) |
|---|---|
| same | |

| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (if different from address listed above) |
|---|
| n/a |

## INFORMATION REGARDING DEBTOR (Check applicable boxes)

VENUE (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of the petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in the District.

TYPE OF DEBTOR
☒ Individual       ☐ Stockbroker
☐ Partnership    ☐ Community Broker
☐ Corporation    ☐ Other _____
☐ Railroad

CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED (Check one box)
☒ Chapter 7    ☐ Chapter 9
☐ Chapter 11   ☐ Chapter 12
☐ Chapter 13   ☐ Sec 304 - Case ancillary to foreign proceeding

NATURE OF DEBT
☒ Consumer/Non-Business
☐ Business

FILING FEE (Check one box)
☒ Filing fee attached
☐ Filing fee to be paid in installments

Installment payments applicable to individuals only. Must attach signed application for the courts consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

CHAPTER 11 SMALL BUSINESS (Check all boxes that apply)
☐ Debtor is a small business as defined in 11 U.S.C. § 101
☐ Debtor is and elects to be considered as a small business under 11 U.S.C. § 1121(e) (Optional)

| STATISTICAL/ADMINISTRATIVE INFORMATION (28 U.S.C. § 604) (Estimates only - Check applicable boxes) | THIS SPACE FOR COURT USE ONLY |
|---|---|

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

ESTIMATED NUMBER OF CREDITORS
☒ 1-15   ☐ 16-49   ☐ 50-99   ☐ 100-199   ☐ 200-999   ☐ 1000-over

ESTIMATED ASSETS (in thousands of dollars)
☐ $0 to $50,000          ☒ $100,001 to $500,000    ☐ $1,000,001 to $10 million    ☐ $50,000,001 to $100 million
☐ $50,001 to $100,000   ☐ $500,001 to $1 million   ☐ $10,000,001 to $50 million   ☐ More than $100 million

ESTIMATED LIABILITIES (in thousands of dollars)
☐ $0 to $50,000          ☒ $100,001 to $500,000    ☐ $1,000,001 to $10 million    ☐ $50,000,001 to $100 million
☐ $50,001 to $100,000   ☐ $500,001 to $1 million   ☐ $10,000,001 to $50 million   ☐ More than $100 million

© 12002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

| VOLUNTARY PETITION    PAGE 2 | Name of Debtor(s): | FORM B1 |
| *(This page must be completed and filed in every case)* | Rodgers, Barbara L. | |

### PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (If more than one, attach additional sheet)

| Location where filed | Case Number | Date Filed |
| --- | --- | --- |
| | | |

### PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR (If more than one, attach additional sheet)

| Name of Debtor | Case Number | Date Filed |
| --- | --- | --- |
| | | |

| Relationship | District | Judge |
| --- | --- | --- |
| | | |

# SIGNATURES

## SIGNATURE(S) OF DEBTOR(S) (INDIVIDUAL/JOINT)

I declare under penalty of perjury that the information provided in this petition is true and correct. (If Petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7) I am aware that I may proceed under chapter 7. 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *Barbara L. Rodgers*
Signature of Debtor

X _____
Signature of Joint Debtor

(215) 257-2524
PHONE NUMBER (If not represented by attorney)

Date 10/17/03

## SIGNATURE OF ATTORNEY

X _____
Signature of Attorney for Debtor(s)

**David Laustsen, Esquire**
PRINTED NAME OF ATTORNEY FOR DEBTOR(S)

David S. Laustsen
FIRM NAME

275 S. Main Street   Suite 9
Doylestown, PA 18901

ADDRESS
215 230 4250
TELEPHONE NUMBER

Date 10/24/03

## SIGNATURE OF DEBTOR (CORPORATION/PARTNERSHIP)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that the filing of this petition on behalf of the debtor has been authorized.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Print or Type Name of Authorized Individual

_____
Title of Individual Authorized by Debtor to File this Petition

_____
Date

## EXHIBIT A

(To be completed if debtor is required to file periodic reports (e. g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities and Exchange Act of 1934 and is requesting relief under Chapter 11)

☐ Exhibit "A" is attached and made a part of this petition.

## EXHIBIT B

(To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that (he, she, or they) may proceed under chapter 7. 11. 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____     10/24/03
Signature of Attorney for Debtors     Date

## EXHIBIT C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

## SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. §110. that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed or Typed Name of Bankruptcy petition Preparer

_____
Social Security Number

_____

Address _____     Tel. No. _____

Names and Social Security number of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provision of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. § 156.

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

# United States Bankruptcy Court

Eastern    **District of**    Pennsylvania

IN RE _____Rodgers, Barbara L._____

**name of debtor**

Case No. _____

chapter ____Chapter 7____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A,B, D, E, F, I, and J in the boxes provided. Add the amount from Schedules A and B to determine the total amount of the debtor's assets. Add the amount from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| | | | ASSETS | LIABILITIES | OTHER |
| A — Real Property | | | $105,263.00 | | |
| B — Personal Property | | | $19,181.00 | | |
| C — Property Claimed as Exempt | | | | | |
| D — Creditors Holding Secured Claims | | | | $10,246.00 | |
| E — Creditors Holding Unsecured Priority Claims | | | | $237.00 | |
| F — Creditors Holding Unsecured Nonpriority Claims | | | | $44,533.00 | |
| G — Executory Contracts and Unexpired Leases | | | | | |
| H — Codebtors | | | | | |
| I — Current Income of Individual Debtor(s) | | | | | $1,500.00 |
| J — Current Expenditures of Individual Debtor(s) | | | | | $2,293.00 |
| Total Number of Sheets of ALL Schedules ▶ | | | | | |
| Total Assets ▶ | | | $124,444.00 | | |
| Total Liabilities ▶ | | | | $55,016.00 | |

© 2002 cpo law. All rights reserved. Printed in the United States of America. cpo law is a trademark of Clayton P. Osting.

Rodgers, Barbara L.
NAME OF DEBTOR

CASE NO.

# SCHEDULE A — REAL PROPERTY

Except as listed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor;s own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interest in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claim in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 1112 W. Broad Street Quakertown, PA 18951 | tenants by the entireties with Barton J. Rodgers, husband | joint | $105,263.00 | $0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | Total ▶ | $105,263.00 | |

(Report also on Summary of Schedules)

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

Rodgers, Barbara L.
NAME OF DEBTOR

CASE NO.

# SCHEDULE B — PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife of both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OR PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | Possession of Debtor | indiv. | $50.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking Account Quakertown National -$500.00 | indiv. | $500.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | x | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | Miscellaneous household items See attached Exhibit "A" to schedule B. | joint | $3,200.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record tape, compact disc, and other collections or collectibles. | x | | | |
| 6. Wearing Apparel. | | Wearing apparel, total value less than $200. | joint | $300.00 |
| 7. Furs and Jewelry. | x | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | x | | | |
| 9. Interests in insurance policies, Name insurance company of each policy and itemize surrender or refund value of each. | x | | | |
| 10. Annuities. Itemize and name each issuer. | x | | | |

©2002 cpo law. All rights reserved. Printed in the United States of America. cpo law is a trademark of Clayton P. Osting.

Rodgers, Barbara L.
NAME OF DEBTOR

CASE NO.

# SCHEDULE B — PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OR PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | American Express Flexible Annuity SEP IRA | indiv. | $5,131.00 |
| 12.  Stock and interests in incorporated and unincorporated businesses.  Itemize. | x | | | |
| 13.  Interests in partnerships or joint ventures. Itemize. | x | | | |
| 14.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | x | | | |
| 15.  Accounts Receivable | x | | | |
| 16.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | x | | | |
| 17.  Other liquidated debts owing debtor including tax refunds.  Give particulars. | x | | | |
| 18.  Equitable or future interest, life estate, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | x | | | |
| 19.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | xx | | | |
| 20.  Other contingent and unliquidated claim of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | x | | | |
| 21.  Patents, copyrights, and other intellectual property.  Give particulars. | x | | | |
| 22.  Licenses, franchises, and other general intangibles.  Give particulars. | x | | | |

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

Rodgers, Barbara L.
NAME OF DEBTOR                                    CASE NO.

## SCHEDULE B — PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OR PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1998 Ford Contour 48,000 miles $3,000.00 2002 Ford Focus 20,000 miles - $7,000.00 (financed with Capital One, owned jointly with son) | joint | $10,000.00 |
| 24. Boats, motors, and accessories. | x | | | |
| 25. Aircraft and accessories. | x | | | |
| 26. Office equipment, furnishings, and supplies. | x | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | x | | | |
| 28. Inventory. | x | | | |
| 29. Animals. | x | | | |
| 30. Crops -growing or harvested. Give particulars. | x | | | |
| 31. Farming equipment and implements. | x | | | |
| 32. Farm supplies, chemicals and feed. | x | | | |
| 33. Other personal property of any kind not already listed, Itemize. | x | | | |

_____ continuation sheets attached

**Personal Property Value - Total** ➡ | $19,181.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

© 2002 cpo law. All rights reserved. Printed in the United States of America. cpo law is a trademark of Clayton P. Osting.

## Exhibit A to Schedule B
## Personal Property

**Furniture and appliances** Paragraph 4

| Item | Age | Value |
|---|---|---|
| ~~Couch~~ | ___ | ___ |
| Love Seat | 10 | 75 |
| ~~Couch~~ *Chairs* | 10 | 100 |
| _ coffee tables | 5 | 50 |
| _ end tables | 5 | 100 |
| Mstrbedrm | 10 | 200 |
| Child bdrm | 10 | 200 |
| Child bdrm | ___ | ___ |
| Child bdrm | ___ | ___ |
| Desk | ___ | ___ |
| Refrigerator | . ___ | ___ |
| Range | ___ | ___ |
| Freezer | ___ | ___ |
| Table, chairs | ___ | ___ |
| Vacuum | ___ | ___ |
| Washer/Dryer | ___ | ___ |
| Microwave | ___ . | ___ |
| _____ | ___ | ___ |
| _____ | ___ | ___ |

Total_____

**Audio, Video and Computer Equipment** Paragraph 4

| Item | Age | Value |
|---|---|---|
| TV 26" | 6 | 100 |
| TV 19" | ___ | ___ |
| TV 13" | 10 | 25 |

BELONG TO DAUGHTER

---

| ~~Stereo~~ DAUGHTER | | ___ . |
|---|---|---|
| Computer | ___ | ___ |

Miscellaneous household, kitchen, other
furnishings: $_____
Miscellaneous $_____

Total:_____

**Books Prints Etc.** Paragraph 5

| Books | ___ | ___ |
|---|---|---|
| Prints | ___ | ___ |
| Photographs | ___ | ___ |
| Records CDs | ___ | ___ |
| Art Objects | ___ | ___ |
| Antiques | ___ | ___ |
| Collection | ___ | ___ |
| type of colleciton | _____ | ___ |
| Collectibles | ___ | ___ |
| types of collectibles | _____ | |

Miscellaneous items_____

Total:_____

**Furs and Jewelry** Paragraph 7

| Item | Age | Value |
|---|---|---|
| Fur Coat | ___ | ___ |
| (detail:_____ | | |
| Jewelry | ___ | ___ |
| (detail:_____ | | |
| Miscellaneous_____ | | |
| Total:_____ | | |

JUST COSTUME JEWELRY - NOMINAL VALUE

*All miscellaneous items are valued at $400.00
or less, and generally are of nominal value.

Rodgers, Barbara L.

NAME OF DEBTOR                              CASE NO.

# SCHEDULE C — PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. §522(b)(1) Exemptions in 11 U.S.C. §522(d). These exemptions available only in certain states.

☒ 11 U.S.C. §522(b)(2) Exemptions available under applicable nonbankruptcy federal law, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Debtor's aggregate int. in real or pers prop. that the debtor or dep of debtor uses as residence; or in a coop. that owns prop. that the debtor or a dep of the debtor uses as a residence; or in a burial lot for debtor or a dep of debtor. | Joint property Keystone vs. Kitstock 633A2d.165, 1993 | Debtor exempts the full amount of the estate's interest in the property. | |
| Ford Focus 48,000 miles - $3,000.00_ | Joint property Keystone vs. Kitstock 633A2d.165, 1993 | Debtor exempts the full amount of the estate's interest in the property. | $3,000 |
| Household furnishings, goods, wearing apparel, appliances, books, crops, animals, or musical instruments held primarily for personal, family, or household use of the debtor or a dep. of the debtor as listed on schedule B, paragraph 4 | Joint property Keystone vs. Kitstock 633A2d.165, 1993 | Debtor exempts the full amount of the estate's interest in the property. | |
| SEP IRA | 42-8124(4) | Debtor exempts the full amount of the estate's interest in the property. | $5,131.00 |
| Any property selected by debtor, including tax refunds, all property not specifically exempted from schedule B, cash, bank accounts, investments, | Joint property Keystone vs. Kitstock 633A2d.165, 1993 | Debtor exempts the full amount of the estate's interest in the property. Unused portion of §522(d)(1) exemption plus $400.00. | |
| | | | |
| | | | |
| | | | |

© 2002 cpo law. All rights reserved. Printed in the United States of America. cpo law is a trademark of Clayton P. Osting.

Page 1

NAME OF DEBTOR Rodgers, Barbara L.                                                    CASE NO.

# SCHEDULE D — CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing the petition.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests..  List creditors in alphabetical order to the extent practicable.  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C", in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|
| Capital One Auto Finance<br>P.O. Box 660068<br>Dallas, TX 75266 | ☒ | joint with son | 2002 Ford Focus<br><br>VALUE  $7,000.00<br>acct #        9425299 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $10,246.00 | |
| | ☐ | | VALUE<br>acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | | |
| | ☐ | | VALUE<br>acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | | |
| | ☐ | | VALUE<br>acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | | |
| | ☐ | | VALUE<br>acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | | |
| | | | Subtotal  (Total of this page) ➤ | | $10,246.00 | |
| (Report also on Summary of Schedules) | | | Total  (Use only on last page) ➤ | | $10,246.00 | |

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

**In re** - Rodgers, Barbara L.                                      **Case No.**

# SCHEDULE E — CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any of the entities holding priority claims against the debtor or the priority claims against the debtor or the property of the debtor, as of the date of filing of this petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C", in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Extension of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee of the order for relief. 11 U.S.C. § 507(a)(2)

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,000.00 per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, which ever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fisherman**
Claims of certain farmers and fishermen up to $4,000.00 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. §507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to a maximum of $1,800.00 for deposits for the purchase, lease, or rental or property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**
Claims of spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. §507(a)(7).

☐ **Taxes and certain other debts owed to governmental units.**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or board of Governors of the Federal Reserve System, or their predecessors of successors, to maintain the capital of an insured depository institution. 11 U.S.C. §507 (a)(9).

* Amounts are subject to adjustment on April 1, 1988, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ continuation sheets attached

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

Rodgers, Barbara L.
NAME OF DEBTOR                                CASE NO.

# SCHEDULE E — CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

TYPE OF PRIORITY

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM | CONTINGENT, UNLIQUIDATED, DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| HAB DLT<br>Berkheimer<br>P.O. Box 995<br>Bangor, PA 18013-0995 | ☐ | | 2002 taxes<br><br>acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $237.00 | |
| | ☐ | | acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | | |
| | ☐ | | acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | | |
| | ☐ | | acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | | |
| | ☐ | | acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | | |

Subtotal  (Total of this page) ➡ | $237.00

Total  (Use only on last page of completed Schedule E.) ➡ | $237.00

(Report also on Summary of Schedules)

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

In re - Rodgers, Barbara L.                                                      Case No.

# SCHEDULE F — CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C", in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this Schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured non priority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| | | HUSBAND, WIFE, JOINT OR COMMUNITY | | | |
| WFNNB- Abercrombie & Fitch P.O. Box 659728 San Antonio, TX 78265-9728 | ☐ | | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #        802269886 | ☐ contingent ☐ unliquidated ☐ disputed | $247.00 |
| WFNNB- Express P.O. Box 659728 San Antonio, TX 78265-9728 | ☐ | | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #        381515188 | ☐ contingent ☐ unliquidated ☐ disputed | $22.00 |
| MBNA America/LL Bean P.O. Box 155102 Wilmimgton, DE 19886-5102 | ☐ | | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #    4264293149858635 | ☐ contingent ☐ unliquidated ☐ disputed | $9,735.00 |
| Spiegel/FCNB 9310 SW Gemini Drive Beaverton, OR 97078-0001 | ☐ | | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #        1509315949 | ☐ contingent ☐ unliquidated ☐ disputed | $2,920.00 |
| The Bon Ton P.O. Box 17598 Baltimore, MD 21297 | ☐ | | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #        097380968 | ☐ contingent ☐ unliquidated ☐ disputed | $2,364.00 |

____continuation sheets attached

| | Subtotal (Total of this page) ➤ | $15,288.00 |
|---|---|---|
| (Report also on Summary of Schedules) | Total (Use only on last page of completed Schedule F.) ➤ | $44,533.00 |

© 2002 cpo law. All rights reserved. Printed in the United States of America. cpo law is a trademark of Clayton P. Osting.

In  re -  Rodgers, Barbara L.                                                        Case  No.

## SCHEDULE F — CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| Gap<br>P.O. Box 105980 Dept 72<br>Atlanta, GA 30353-5980 | ☐ | | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #  6018595091276283 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $173.00 |
| Walmart<br>P.O. Box 530927<br>Atlanta, GA 30353 | ☐ | | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #  6032203203210169 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $1,398.00 |
| Victoria Secret<br>4590 E. Broad Street<br>Columbus, Ohio 43213 | ☐ | | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #      594517245 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $47.00 |
| Discover Card<br>P.O. Box 15251<br>Wilmington, DE 19886-5251 | ☐ | | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #  6011002400629093 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $3,462.00 |
| Discover Card<br>P.O. Box 15251<br>Wilmington, DE 19886-5251 | ☐ | | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #  6011308010079904 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $2,850.00 |
| People's Bank<br>P.O. Box 10311<br>Stamford, CT 06904 | ☐ | | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #  4017352500124506 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $7,334.00 |
| American Eagle Outfitters<br>P.O. Box 105980 Dept 71<br>Atlanta, GA 30353-5980 | ☐ | | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #    7100390867984 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $301.00 |
| Kohl's<br>P.O. Box 2983<br>Milwaukee, WI 53201-2983 | ☐ | | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #    0270774847 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $261.00 |

Sheet no. _____ of _____ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal  (Total of this page)  ➡    $15,826.00

(Report also on Summary of Schedules)  Total  (Use only on last page of completed Schedule F.)  ➡    $44,533.00

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

**In re** - Rodgers, Barbara L.                                                                    **Case  No.**

## SCHEDULE F — CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|
| MACY<br>P.O. Box 4564<br>Carol Stream, IL 60197 | ☐ | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #    3151282526 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $1,294.00 |
| American Express<br>P.O. Box 7863<br>Ft. Lauderdale, FL 33329-7863 | ☐ | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #    371512241482004 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $2,424.00 |
| American Express<br>P.O. Box 7863<br>Ft. Lauderdale, FL 33329-7863 | ☐ | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #    371503834651006 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $4,600.00 |
| Home Depot<br>Box 105980<br>Dept. 51<br>Atlanta, Ga 30353-5980 | ☐ | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #    5192000375227 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $2,340.00 |
| Strawbridge's<br>300 Sheffield Center<br>Lorain, OH 44055 | ☐ | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #    181403447 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $534.00 |
| Capital One Bank<br>P.O. Box 85147<br>Richmond, VA 23276 | ☐ | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #   4862362145359843 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $533.00 |
| Capital One Bank<br>P.O. Box 85147<br>Richmond, VA 23276 | ☐ | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #   4934222296569059 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $564.00 |
| Capital One Bank<br>P.O. Box 85147<br>Richmond, VA 23276 | ☐ | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #   5291151937303780 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $570.00 |

Sheet no. _____ of _____ sheets attached to Schedule of Creditors Holding Unsecured  Nonpriority Claims

Subtotal  (Total of this page) ➤ $12,859.00

(Report also on Summary of Schedules)  Total  (Use only on last page of completed Schedule F.) ➤ $44,533.00

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

In re - Rodgers, Barbara L.                                                    Case  No.

## SCHEDULE F — CREDITORS HOLDING UNSECURED
## NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|
| J. Jill<br>P.O. Box 9025<br>Des Moines, IA 50368-9025 | | HOUSEHOLD ITEMS, REPAIRS, GASOLINE, FOOD, HOUSEHOLD EXPENSES<br><br>acct #   6011655300586026 | ☐ contingent<br>☐ unliquidated<br>☐ disputed | $560.00 |
| | | acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | |
| | | acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | |
| | | acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | |
| | | acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | |
| | | acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | |
| | | acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | |
| | | acct # | ☐ contingent<br>☐ unliquidated<br>☐ disputed | |

Sheet no. _____ of _____ sheets attached to Schedule of Creditors
Holding Unsecured  Nonpriority Claims

Subtotal  (Total of this page)  ➡    $560.00

(Report also on Summary of Schedules)  Total  (Use only on last page of completed Schedule F.)  ➡    $44,533.00

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

**In re -** Rodgers, Barbara L.                                                     **Case No.**

# SCHEDULE G — EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchase," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE:  A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the
appropriate schedule of creditors.

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

In re - Rodgers, Barbara L.                                    Case  No.

# SCHEDULE H — CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedule of creditors.  Include all guarantors and co-signers.  In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule.  Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☒ Check this box if debtor has no codebtors.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF CODEBTOR | NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF CREDITOR |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

In re - Rodgers, Barbara L.                                              Case No.

# SCHEDULE I — CURRENT INCOME OF INDIVIDUAL DEBTORS

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| separated | Names | Age | Relationship |
| | Jamie | 20 | |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Receptionist | |
| Name of Employer | St. Luke's Health Service | |
| How Long Employed | 2 years | |
| Address of Employer | Quakertown, PA | |

| INCOME:  (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Currently monthly gross wages, salary, and commissions (pro rate if not paid monthly) . . . . . . .> | $1,920.00 | |
| Estimated monthly overtime . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | | |
| SUBTOTAL | $1,920.00 | |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | $420.00 | |
| b. Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | | |
| c. Union dues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | | |
| d. Other (Specify) _____ . . . . . . . . . . . . . . . . . . > | | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $420.00 | |
| TOTAL NET MONTHLY TAKE HOME PAY | $1,500.00 | |
| Regular income from operation of business, profession or farm (attach detailed statement) . . . .> | | |
| Income from real property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .> | | |
| Interest and dividends . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .> | | |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | | |
| Social security or other government assistance (Specify) _____ . . . . . . . . .> | | |
| Pension or retirement income . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | | |
| Other monthly income (Specify) _____ . . . . . . . . .> | | |
| _____ . . . . . . . . > | | |
| TOTAL MONTHLY INCOME | $1,500.00 | |

TOTAL COMBINED MONTHLY INCOME ____ $1,500.00 (Report also on Summary of Schedules)
Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document.

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

In re - Rodgers, Barbara L.                                                    Case  No.

# SCHEDULE J — CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.  Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint return is file and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures listed "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | $950.00 |

Are real estate taxes included? ☒ yes ☐ no
Is property insurance included? ☒ yes ☐ no

Utilities

| | |
|---|---:|
| a. Electricity and heating fuel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | $173.00 |
| b. Water and Sewer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .> | $80.00 |
| c. Telephone . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .> | $130.00 |
| d. Other (Specify)  Cable TV_____ . . . . . . . . . . . . . . . . > | $80.00 |
| Home maintenance (repairs and upkeep) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | $75.00 |
| Food . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .> | $500.00 |
| Clothing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .> | $100.00 |
| Laundry and dry cleaning . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .> | $20.00 |
| Medical and dental expense (including orthodontic, optometric, and prescription medication). . . . . . . . . . . . . . . > | $15.00 |
| Transportation (not including car payments) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | $50.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | $120.00 |
| Charitable contributions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .> | |

Insurance (not deducted from wages or included in home mortgage payments)

| | |
|---|---:|
| a. Homeowner or renter's . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | |
| b. Life . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | |
| c. Health . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | |
| d.  Auto . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | |
| e. Other (Specify) _____ . . . . . . . . . . . . . . . . > | |
| Taxes (not deducted from wages or included in home mortgage payments) (Specify) _____ . . > | |

Installment payments:  (In chapter 12 and 13 cases, do not list payments to be included in the plan.)

| | |
|---|---:|
| a. Auto . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | |
| b. Other (Specify) _____ . . . . . . . . . . . . . . . . > | |
| c. Other (Specify) _____ . . . . . . . . . . . . . . . .> | |
| d. Other (Specify) _____ . . . . . . . . . . . . . . . .> | |
| e. Other (Specify) _____ . . . . . . . . . . . . . . . .> | |
| f. Other (Specify) _____ . . . . . . . . . . . . . . . . > | |
| Alimony, maintenance, and support paid to others . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | |
| Payments for support of additional dependents not living at your home . . . . . . . . . . . . . . . . . . . . . . . . . . > | |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) . . . . . . . . . . . . . . > | |
| Other expenses (Specify) _____ . . . . . . . . . . . . . . . > | |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $2,293.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---:|
| A.  Total projected monthly income . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | |
| B.  Total projected monthly expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . > | |
| C.  Excess income (A minus B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .> | |
| D.  Total amount to be paid into plan each _____ . . . . . . . . . . . . . . . . . . . . . . .> | |

(interval)

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

Declaration
Concerning
Debtor's Schedules

Rodgers, Barbara L.
IN RE                                                CASE NO.

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I or we _Rodgers, Barbara L._____, declare under penalty of perjury that I or we have read the foregoing schedules consisting of _____ sheets [*total shown on summary page plus 1*] and that they are true and correct to the best of my/our knowledge, information, and belief.

Executed on _10|17| 13_____

_Barbara L. Rodgers_____          Date _10/17/ 13_____
Signature    Debtor

_____          Date _____
Signature      Joint Debtor (if any)

[If joint case, both spouses must sign.]

---

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. §110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. ¶110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____                    _____
Printed or Typed Name of Bankruptcy petition Preparer          Social Security Number

_____
Address                              Tel. No.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____          Date : _____
Signature of Bankruptcy Petition Preparer
A bankruptcy petition preparer's failure to comply with the provision of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. §110, 18 U.S.C. §156.

---

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets [*total shown on summary page plus 1*], and that they are true and correct to the best of my knowledge, information, and belief.

_____          Date _____
Signature

_____
[*Print or type name of individual signing on behalf of debtor*]

[*An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.*]
Penalty for making a false statement or concealing property: Fine of up to $500,000.00 or imprisonment for up to 5 years or both.  18 U.S.C. §§152 and 3571.

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

**UNITED STATES BANKRUPTCY COURT**

_____Eastern_____ **District of** ___Pennsylvania___

In re - Rodgers, Barbara L.

**Case No.**

**Chapter**   Chapter 7____

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual personal's affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete questions 19 - 25. **If the answer to any question is "None," or the question is not applicable, mark the box labeled "None".** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

DEFINITIONS

"_In business_." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"_Insider._" The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

---

**1.   Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☐ none   AMOUNT                        SOURCE (if more than one)
         2002 income  $26,808.00         tax returns

         2001 income $15,967.78          W2's

---

**2.   Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ none   AMOUNT                        SOURCE

© 2001 cpo law. All rights reserved. Printed in the United States of America. cpo law is a trademark of Clayton P. Osting.

**In re -** Rodgers, Barbara L.                                    **Case No.**

# STATEMENT OF FINANCIAL AFFAIRS

**3.   Payments to creditors**

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

⊠ none   NAME AND ADDRESS OF CREDITOR   DATES OF PAYMENTS   AMOUNT PAID   AMOUNT STILL OWING

b.  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.   (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

⊠ none   NAME AND ADDRESS OF CREDITOR   DATES OF PAYMENTS   AMOUNT PAID   AMOUNT STILL OWING
          AND RELATIONSHIP TO DEBTOR

**4.   Suits, executions, garnishments and attachments, and administrative proceedings**

a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

⊠ none   CAPTION OF SUIT AND CASE NUMBER      TYPE OF SUIT      COURT AND LOCATION      STATUS

b.  Describe all property that has been attached, garnished, or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

⊠ none   NAME AND ADDRESS OF PERSON FOR WHOSE      DATE OF SEIZURE      DESCRIPTION AND VALUE
          BENEFIT PROPERTY WAS SEIZED                                OF PROPERTY

© 2001 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

**In re** - Rodgers, Barbara L.                                                                   Case No.

# STATEMENT OF FINANCIAL AFFAIRS

## 5.    Repossessions, foreclosures, and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

☒ none    NAME AND ADDRESS OF CREDITOR OR          DATE OF REPOSSESSION,          DESCRIPTION AND
                              SELLER                          FORECLOSURE SALE,          VALUE OF PROPERTY
                                                              TRANSFER OR RETURN

## 6.    Assignments and receiverships

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ none    NAME AND ADDRESS OF ASSIGNEE    DATE OF ASSIGNMENT    TERMS OF ASSIGNMENT

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ none    NAME AND ADDRESS OF CUSTODIAN    NAME AND LOCATION OF    DATE OF ORDER    DESCRIPTION
                                                        COURT, CASE TITLE AND                          AND VALUE OF
                                                        NUMBER                                          PROPERTY

## 7.    Gifts

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200.00 in value per individual family member and charitable contributions aggregating less than $100.00 per recipient.  (Married debtors filing under chapter 12 or 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☐ none    NAME AND ADDRESS OF          RELATIONSHIP TO          DATE OF GIFT          DESCRIPTION AND
                  PERSON OR ORGANIZATION          DEBTOR, IF ANY                          VALUE
                  name of daughter                    daughter                    9/2002          1996 Ford Explorer value - $4,000.00

© 2001 cpo law. All rights reserved. Printed in the United States of America. cpo law is a trademark of Clayton P. Osting.

**In re** - Rodgers, Barbara L.                                                    Case  No.

## STATEMENT OF FINANCIAL AFFAIRS

---

**8.   Losses**

List all losses from fire,theft, other casualty or gambling within **one year** immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ none        DESCRIPTION OF CIRCUMSTANCES AND, IF                DATE OF LOSS        DESCRIPTION AND
                     LOSS WAS COVERED IN WHOLE OR IN PART BY                                    VALUE OF PROPERTY
                     INSURANCE, GIVE PARTICULARS

---

**9.   Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debtor consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

☐ none    NAME AND ADDRESS OF PAYEE        DATE OF PAYMENT, NAME            AMOUNT OF MONEY OR
                                                                OF PAYER IF OTHER THAN        DESCRIPTION AND VALUE OF
                                                                DEBTOR                                    PROPERTY

                 David S. Laustsen, Esq.                    prior to commencement of this    see Disclosure of Compensation in this bankruptcy
                 275 S. Main St. Suite 9                    case.                                        filing.
                 Doylestown, PA 18901

---

**10.   Other transfers**

 List  all other property, other than property transferred in the ordinary course of the business of financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case.

☒ none    NAME AND ADDRESS OF TRANSFEREE,        DATE        DESCRIBE PROPERTY TRANSFERRED
                     RELATIONSHIP TO DEBTOR                                            AND VALUE RECEIVED

---

**11.   Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.   (Married debtors filing under chapter 12 or 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ none        NAME AND ADDRESS OF                TYPE AND NUMBER OF ACCOUNT    AMOUNT AND DATE OF
                     INSTITUTION                                AND AMOUNT OF FINAL BALANCE    SALE OR CLOSING

© 2001 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

**In 're -** Rodgers, Barbara L.                                                    **Case No.**

# STATEMENT OF FINANCIAL AFFAIRS

---

**12.   Safe deposit boxes**

List each safe deposit box or depository in which the debtor has or had securities, cash or other valuables within **one year** immediately preceding the commencement of this case.   (Married debtors filing under chapter 12 or 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ none   NAME AND ADDRESS OF       NAMES AND ADDRESSES       DESCRIPTION       DATE OF TRANSFER
              BANK OR OTHER              OF THOSE WITH ACCESS      OF CONTENTS       OR SURRENDER, IF
              DEPOSITORY                TO BOX OR DEPOSITORY                         ANY

---

**13.   Setoffs**

List all setoffs made by a creditor, including a bank, against a debt of the debtor within **90 days** preceding the commencement of this case.   (Married debtors filing under chapter 12 or 13 must include information boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ none   NAME AND ADDRESS OF CREDITOR                 DATE OF SETOFF       AMOUNT OF SETOFF

---

**14.   Property held for another person**

List all property owned by another person that the debtor holds or controls.

☒ none   NAME AND ADDRESS OF OWNER   DESCRIPTION & VALUE OF PROPERTY   LOCATION OF PROPERTY

---

**15.   Prior address of debtor**

If the debtor has moved within the **two years** immediately preceding the commencement of this case.  List all premises which the debtor occupied during that period and vacated prior to the commencement of this case.

☒ none   ADDRESS                                 NAME USED                DATES OF OCCUPANCY

---

© 2001 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

**In·re** - Rodgers, Barbara L.                                                     **Case  No.**

# STATEMENT OF FINANCIAL AFFAIRS

**16.   Spouses and Former Spouses**

a. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas,  Washington, or Wisconsin) within the **six-year period** immediately preceeding the commencement of this case, identify the nameof the debtor's psouse and of any former spouse who resdies or resided with the debtor in the the community property state.

☒ none   NAME

**17.   Environmental  Information**

For the purpose of this question, the following definition applies:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material in the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any locations, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as a hazardous waster, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmanetal unit that it may be liable for potentially liable under or inviolation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| ☒ none   NAME | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b. List the name and address of every site for which the debtor provided notice to a governmental unot of a release of Hazardous Material.  Indicate the governmental unit to which the noitc ewas snet and the date of the notice.

| ☒ none   NAME | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c. List all judicial or administratie proceedings, inlcuding settlements or order, under any Environmental Law with respect to which the debtor is or was a  party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| ☒ none   NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

© 2001 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

In `re - Rodgers, Barbara L.                                                                Case  No.

# STATEMENT OF FINANCIAL AFFAIRS

**18.    Nature, location and name of business**
a. If the debtor is an individual, list the name, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identifcation numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identifcation numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

☒ none   NAME              TAXPAYER      ADDRESS              NATURE OF BUSINESS   BEGINNING AND ENDING
                            ID NUMBER                                              DATES OF OPERATION

b.  Identify any business listed in respons to subdivision a., above, that is "single asset real estate: as defined in 11 U.S.C. § 101.

☒ none   NAME                          ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following:  an officer, director, managing executive, or owner or more than 5 percent of the voting or equity securities of a corporation; a partner other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

[*An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.*]

**19.    Books, records, and financial statements**
a. List all bookkeepers and accountants who, within the **six years** immediately preceding the filing of this bankruptcy case, kept or supervised the keeping of books of account and records of the debtor.

☒ none   NAME AND ADDRESS                          DATES SERVICE RENDERED

b. List all firms or individuals who, within the **two years** immediately preceding the filing of this bankruptcy case, have audited the books of account and records, or prepared a financial statement of the debtor

☒ none   NAME              ADDRESS                  DATES SERVICES RENDERED

© 2001 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

**In re -** Rodgers, Barbara L.                                         **Case No.**

## STATEMENT OF FINANCIAL AFFAIRS

c. List all firms or individuals who, at the time of the commencement of this case, were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

☒ none   NAME                                         ADDRESS

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately the commencement of this case by the debtor.

☒ none   NAME AND ADDRESS                         DATE ISSUED

**20.    Inventories.**
a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

☒ none   DATE OF INVENTORY             INVENTORY SUPERVISOR    DOLLAR AMOUNT OF INVENTORY
                                                                 (Specify cost, market or other basis)

b.  List the name and address of the person have possession of the records of each of the two inventories reported in a., above.

☒ none   DATE OF INVENTORY   NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS

**21.    Current Partners, officers, directors and shareholders**
a.  If the debtor is a partnership, list the name and percentage of partnership interest of each member of the partnership.

☒ none   NAME AND ADDRESS          NATURE OF INTEREST          PERCENTAGE OF INTEREST

© 2001 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

In 're - Rodgers, Barbara L.

**STATEMENT OF FINANCIAL AFFAIRS**

Case No.

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

☒ none   NAME AND ADDRESS              TITLE          NATURE & PERCENTAGE OF STOCK OWNERSHIP

**22.   Former partners, officers, directors and shareholders**
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

☒ none   NAME                          ADDRESS                  DATE OF WITHDRAWAL

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

☒ none   NAME                          ADDRESS                  DATE OF TERMINATION

**23.   Withdrawals from a partnership or distributions by a corporation**
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loan, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

☒ none   NAME AND ADDRESS          DATE AND PURPOSE        AMOUNT OF MONEY
         OF RECIPIENT,            OF WITHDRAWAL          OR DESCRIPTION AND
         RELATIONSHIP TO DEBTOR                          VALUE OF PROPERTY

**24.   Tax Consolidation Group**
If the debtor is a partnership or corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debor has been a member at any time within the **six-year period** immediately commencement of the case.

☒ none   NAME OF PARENT CORPORATION                    TAXPAYER IDENTIFICATION NUMBER

**25.   Pension Funds**
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an an insider, including compensation in any form, bonuses, loan, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

☒ none   NAME OF PENSION FUND                           TAXPAYER IDENTIFICATION NUMBER

© 2001 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

Rodgers, Barbara L.
IN RE _____    CASE NO. _____

# DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I or we  ~~Rodgers, Barbara L.~~_____, declare under penalty of perjury that I or we have read the foregoing statement of financial affairs and any attachments thereto consisting of a total of_____ sheets and that they are true and correct to the best of my/our knowledge, information, and belief.

Executed on _10/17/03_____

_Barbara L. Rodgers_____          Date ___10/17/03_____
Signature      Debtor

_____          Date _____
Signature      Joint Debtor (if any)

[If joint case, both spouses must sign.]

---

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. §110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. ¶110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____                    _____
Printed or Typed Name of Bankruptcy petition Preparer          Social Security Number

_____
Address                              Tel. No.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____          Date : _____
Signature of Bankruptcy Petition Preparer

A bankruptcy petition preparer's failure to comply with the provision of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. §110, 18 U.S.C. §156.

---

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing statement of financial affairs and any attachments thereto, consisting of a total of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

_____          Date _____
Signature

_____
[Print or type name of individual signing on behalf of debtor]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

Penalty for making a false statement or concealing property: Fine of up to $500,000.00 or imprisonment for up to 5 years or both.  18 U.S.C. §§152 and 3571.

© 2001 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

# United States Bankruptcy Court

Eastern        **District of**        Pennsylvania

IN RE Rodgers, Barbara L.                                CASE #

debtor                                        CHAPTER Chapter 7

## INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1.  I have filed a schedule of assets and liabilities which include consumer debts secured by property of the estate.

2.  I intend to do the following with respect to the property of the estate which secures those consumer debts:

### A.  Property to be Surrendered

Description of Property                                      Creditor's Name

1. _____        _____

2. _____        _____

3. _____        _____

### B.  Property to be Retained          (*Check any applicable statement.*)

| | Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. §722 | Debt will be reaffirmed pursuant to 11 U.S.C. §524(c) |
|---|---|---|---|---|---|
| 1 | 2002 Ford Focus | | | | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |

Date: 10/17/03

*Barbara L. Rodgers*
Signature

_____
Signature

---

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. §110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. ¶110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____                _____
Printed or Typed Name of Bankruptcy petition Preparer                Social Security Number

_____
Address                              Tel. No.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____                Date : _____

Signature of Bankruptcy Petition Preparer

A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. §110. 18 U.S.C. §156.

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

# United States Bankruptcy Court

Eastern          **District of**          Pennsylvania

IN RE _____ Rodgers, Barbara L._____          **Case No.** _____
                    **name of debtor**                              **chapter**    _ Chapter 7 _____

## VERIFICATION OF CREDITOR MATRIX

The above-named Debtor(s) hereby verifies/verify that the attached list of creditors is true and correct to the best of my/our knowledge.

Dated: ___10/17/03_____          Debtor ___Barbara L. Rodgers___

Joint Debtor _____

© 2002 cpo law. All rights reserved. Printed in the United States of America. cpo & cpo law are trademarks of Clayton P. Osting.

# United States Bankruptcy Court

Eastern            **District of**        Pennsylvania

IN RE _____Rodgers, Barbara L._____        **Bankruptcy Case No.** _____

name of debtor

chapter ___ _Chapter 7_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C.¶329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that the compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with this bankruptcy cases is as follows:

For legal services I have agreed to accept ....................................................................... $600.00

Prior to the filing of this statement I have received ........................................................... $600.00

Balance due ................................................................................................................. $0.00

2. The source of the compensation paid to me was: ☒ Debtor ☐ Other (specify)

3. The source of the compensation to be paid to me is: ☒ Debtor ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are member or associates of my law firm.
☐ I have agreed to share the above-disclosed compensation with a person(s) who are not members or associates of my law firm. A summary of the agreement, together with a list of the names of the people sharing in the compensation is listed below.

5. In return for the above disclosed fee, I have agreed to render legal service for the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy.

   b. Preparation and filing of any petition, schedules, statements, and plan which may be required.

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, an any adjourned hearings thereof;

   d. Representation of the debtor in non-adversary proceedings and other non-contested bankruptcy matters:

   e. (other provisions as needed)
   Includes all legal fees for Chapter 7 bankruptcy.   Does not include $250.00 in filing fees/expenses for a basic non-contested bankruptcy.  Expenses include travel, copying, postage, express mail and other direct expenses.

6. By agreement with the debtor(s), the above disclosed fee does not include the following services:
   Does not include fees for adversary actions, motions or other legal expenses outside of a basic bankruptcy proceeding.

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment tome for representation of the debtor(s) in this bankruptcy  proceeding.

_____        Dat  _10/24/03_____

Attorney for Debtor(s)
David S. Laustsen
275 S. Main Street   Suite 9
Doylestown, PA 18901

215 230 4250

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.

## STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. §341

### INTRODUCTION

Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code.

This information is intended to make you aware of --

(1) the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history:

(2) the effect of receiving a discharge of debts;

(3) the effect of reaffirming a debt; and

(4) your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This information sheet contains only general principles of law and is not a substitute for legal advice. If you have questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

### WHAT IS A DISCHARGE?

The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules. A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions. Debts which may **not** be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; and personal injury debts caused by driving while intoxicated or taking drugs.  Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to pay any debts which have been discharged. You can only receive a chapter 7 discharge once every six (6) years.

### WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect you ability to obtain credit in the future. Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed bankruptcy.

### WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of creditors.

Reaffirmation agreements are strictly voluntary-- they are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay the debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues your discharge order or within sixty (60 days after the reaffirmation agreement was filed with the court, whichever is later. If reaffirm a debt and fail to make the payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

### OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers> Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtors' farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtor must pay the chapter 13 trustee the amounts set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,000,000 ($250,000 in unsecured debts and $750,000 in secured debts).

**AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.**

# United States Bankruptcy Court

Eastern          **District  of**          Pennsylvania

Rodgers, Barbara L.
NAME OF DEBTOR                                    CASE NO.

### NOTICE  TO  INDIVIDUAL  CONSUMER  DEBTOR(S)

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition.  The bankruptcy law is extremely complicated and not easily described.  Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court.  Neither the judge nor the court's employees may provide you with legal advice.

## Chapter  7:    Liquidation  ($175 filing fee)

1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2.  Under Chapter 7 a trustee takes possession of all of your property.  You may claim certain property as exempt under governing law.  The trustee then liquidates the property and uses the proceed to pay your creditors according to priorities of the Bankruptcy Code.

3.  the purpose of filing a Chapter 7 case is to obtain a discharge of your existing debts.   If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a discharge, there are some debts that are not discharged under the law.  Therefore you may still be responsible for such debts as certain taxes and student loans, alimony , and support payments, debts fraudulently incurred, debts for willful and malicious injury to a person or property, and debts arising from a drunk driving judgment.

5.  Under certain circumstances you may keep property that you have purchased.  Your attorney can explain the options that are available to you.

## Chapter  13:    Repayment  of  All  or  Part  of  Debts—Regular  Income  ($160 filing fee)

1.  Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a  period of time.

2.  Under Chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings.  Usually the period allowed by the court to repay your debts is three years, but not more than five years.   Your plan must be approved by the court before it can take effect.

3.  Under Chapter 13, unlike Chapter 7, you may keep all of your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4.  After completion of payments under your plan, your debts are discharged except for alimony and support payments, certain kinds of taxes owed for less than three years, certain student loans, court ordered restitution in a criminal case, debts arising from a drunk driving judgment, and long term secured obligations.

## Chapter  11:    Reorganization  ($600 filing fee)

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors.  Its provisions are quite complicated, and an individual should consult an attorney before filing a Chapter 11 petition.

## Chapter  12:    Family  Farmer  ($200 filing fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to Chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

ACKNOWLEDGEMENT

I hereby certify that I have read this notice on this _____ 17-th day of _____ October 2003 _____.

Debtor  Barbara L. Rodgers                                    Joint Debtor, if any _____

INSTRUCTIONS:  A copy of this notice personally signed by the debtor, or by both debtors in a joint case, must accompany any bankruptcy petition filed with the Clerk.  Failure to comply may result in the petition not being accepted for filing.

© 2002 cpo law.  All rights reserved.  Printed in the United States of America.  cpo law is a trademark of Clayton P. Osting.